UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLORIA MARIGNY,

                Plaintiff,

      v.                                                      Case No. 25-cv-1585-bhl

DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

                Defendant.

## SCREENING ORDER

On October 16, 2025, Gloria Marigny, proceeding without an attorney, filed a handwritten complaint using the Court's form for non-prisoner *pro se* filers. (ECF No. 1.) With her complaint, Marigny also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Marigny's IFP motion and for the screening of her complaint.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Marigny's IFP application includes information about her finances and is signed under penalty of perjury, satisfying the first IFP requirement. *See id.*; (ECF No. 2 at 4). She reports that she is unemployed, not married, and owns no property. (ECF No. 2 at 1, 3–4.) She reports that she receives no income. (*Id.* at 2.) She reports no monthly expenses, stating that she is homeless and currently living with friends and relatives. (*Id.* at 2–3, 4.) Based on Marigny's representations, the Court concludes that she would have substantial difficulty paying the filing fee. Accordingly, the Court will grant her request to proceed IFP.

### SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to

state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Marigny names the Wisconsin Department of Health and Human Services Mental Health Facility in Winnebago, Wisconsin, as the sole defendant. (ECF No. 1 at 1.) She alleges that Defendant "violated [her] rights" by falsifying records showing that she had been treated for a

psychological condition called "MCI".[1] (*Id.* at 2.) She alleges that her career has been ruined by these falsified records, and that these records amount to defamation. (*Id.*) For relief, she seeks monetary damages. (*Id.* at 4.)

## ANALYSIS

Even construing the complaint liberally, the Court cannot identify any claims that are properly brought in federal court. To state a claim for a violation of her federal rights under 42 U.S.C. §1983, Marigny must plausibly allege that she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). Marigny has not identified any federal right that could have been violated by the facts she alleges. Moreover, any attempt to proceed on a Section 1983 claim against the Wisconsin Department of Health and Human Services would fail in any event because it is a state agency and not a "person" who can be sued under Section 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 63–64, 70–71 (1989). To the extent Marigny seeks to proceed on a state law defamation claim, that effort also fails because this Court lacks subject-matter jurisdiction over such a claim. Federal courts can only adjudicate claims arising under state law if the parties are citizens of different states and the amount in controversy is greater than $75,000. *See* 28 U.S.C. §1332. Marigny does not allege an amount in controversy, (*see* ECF No. 1 at 4), and alleges that both she and Defendant are citizens of Wisconsin, (*id.* at 1–2.) For these reasons, the Court will dismiss Marigny's complaint.

That said, a court ordinarily permits a *pro se* plaintiff at least one opportunity to amend her complaint. *See Luevano*, 722 F.3d at 1022–23 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). The Court will not do so here, however, because, given her allegations, any attempt at amendment would be futile. Even if Marigny were to amend her complaint to name the individuals at the Department of Health and Human Services that she believes to be responsible, it is not clear how the facts she alleged amount to a deprivation of a right secured by the Constitution or the laws of the United States. And, as explained above, Marigny may proceed on a state law defamation claim only if there is complete diversity of

---

[1] MCI, or Mild Cognitive Impairment, is a condition that causes memory loss and trouble with language and judgment. *See* Mild Cognitive Impairment (MCI), Mayo Clinic, *available at* https://www.mayoclinic.org/diseases-conditions/mild-cognitive-impairment/symptoms-causes/syc-20354578.

citizenship between the parties. Accordingly, the Court will dismiss the complaint without prejudice and without leave to amend.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Marigny's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Marigny's Complaint, ECF No. 1, is **DISMISSED without prejudice**. The Clerk of Court shall enter final judgment accordingly.

**IT IS FURTHER ORDERED** that Marigny's motion to transfer, ECF No. 4, is **DENIED**.

Dated at Milwaukee, Wisconsin on October 27, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[2] On October 20, 2025, Marigny filed a motion to transfer this case to the Western District of Wisconsin. (ECF No. 4.) Because Marigny does not explain why the case belongs in the Western District, and because the Court is dismissing the complaint for failure to state a claim, the motion to transfer will be denied.